# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE PARKS,<br><br>        Plaintiff,<br><br>   v.<br><br>GAIL LEWIS, WARDEN, et al.,<br><br>        Defendants. | CASE NO. 1:02-CV-6572-OWW-LJO-P<br><br>ORDER DENYING MOTION TO APPOINT EXPERT WITNESSES<br><br>(Doc. 92) |

Plaintiff Wayne Parks ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 19, 2005, plaintiff filed a motion seeking the appointment of three specifically identified expert witnesses.

The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.

The function of an expert witness is to testify at trial to assist the trier of fact in understanding the evidence. At this early stage in the proceedings, plaintiff's motion is premature. At this juncture, the United States Marshal is in the process of serving defendants with a summons and complaint.

Plaintiff may re-file his motion at such time that it appears this matter will be set for trial. Until that time, any motion for the appointment of an expert is premature.

Based on the foregoing, plaintiff's motion for the appointment of expert witnesses, filed September 19, 2005, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   October 7, 2005**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                            UNITED STATES MAGISTRATE JUDGE

2