UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE PARKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAIL LEWIS, WARDEN, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:02-CV-06572-OWW-LJO-P<br><br>ORDER STRIKING FILINGS FOR LACK OF SIGNATURE<br><br>(Docs. 108, 124, and 125)<br><br>ORDER DISREGARDING FILINGS<br><br>(Docs. 109, 111, 115, 118, and 126)<br><br>ORDER DENYING MOTION FOR TRIAL DATE AND MOTION FOR MISCELLANEOUS ASSISTANCE<br><br>(Docs. 113 and 116) |

I.	Order

	Plaintiff Wayne Parks ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed December 9, 2002, against defendants Klarich, Neubarth, and Young ("defendants") for violating the Eighth Amendment with respect to plaintiff's medical and dental care. On January 17, 2006, plaintiff filed a reply to defendants' answer, on January 18, 2006, plaintiff filed eight miscellaneous documents, and on January 25, 2006, plaintiff filed another miscellaneous motion. By this order, plaintiff's filings shall be resolved.

///

///

1

### A. Documents Stricken

Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 7-131; Fed. R. Civ. P. 11(a). Pursuant to the court's First Informational Order, all documents submitted without the required signature(s) will be stricken. (Doc. 14, ¶2.)

Plaintiff's January 18 motion entitled "Motions for Summary Judgment or Summary Adjudication" was not signed by plaintiff and shall be stricken from the record (document number 108).

Plaintiff's January 18 "Motions for Judgment" is incomplete and does not include plaintiff's signature (document number 124). Accordingly, the document shall be stricken.

Plaintiff's "Finding by the Court; Judgment on Partial Findings," filed January 25, 2006, was not signed by plaintiff and shall be stricken from the record (document number 125).

### B. Documents Disregarded

Plaintiff's reply to defendants' answer, filed January 17, 2006, shall be disregarded, as neither the Federal Rules of Civil Procedure nor the Local Rules provides for a reply to an answer, absent an order from the court requiring one. Fed. R. Civ. P. 7(a). In this case, the court did not order a reply to the answer.

Plaintiff's January 18 "Motions for Summary Judgment" refers to Federal Rule of Civil Procedure 56, but consists of nothing more than language copied from the Federal Rules of Civil Procedure and a handful of conclusory statements by plaintiff, such as he has established a prima facie case. The filing does not constitute a motion for summary judgment and shall be disregarded.

Plaintiff's January 18 "Motions for Judgment as a Matter of Law" refers to Federal Rule of Civil Procedure 54, and consists of language copied from the Federal Rules of Civil Procedure and discussion concerning judgment. Plaintiff requests no relief and the filing does not constitute a legitimate, recognizable motion of any type. The filing shall be disregarded.

On January 18, 2006, pursuant to Federal Rule of Civil Procedure 37, plaintiff filed a motion for a protective order. The motion consists of a discussion of Rule 37. Plaintiff does not move for relief and does not set forth any information concerning discovery in this case or any alleged conduct

///

on the part of defendants in this case relating to discovery. The filing does not constitute a proper motion for a protective order and shall be disregarded.

### C. Demand for Jury Trial

On January 18, 2006, plaintiff filed a "Demand for Jury Trial." Upon review, it appears that plaintiff is moving the court to set a trial date in this action. Plaintiff's motion shall be denied. This matter will be set for trial after the expiration of the pre-trial dispositive motion deadline, if the action survives defendants' pre-trial dispositive motions.

### D. "Motion of Incompetents, Aphasia, Apraxia, Ataxia"

On January 18, 2006, plaintiff filed a motion entitled "Motion of Incompetents, Aphasia, Apraxia, Ataxia." Plaintiff appears to be seeking copies of selected rules from the Federal Rules of Civil Procedure, legal material, assistance with depositions, legal advice, and additional time.

The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the expenditure of public funds for the provision of a copy of the Federal Rules, legal material, or assistance with depositions. Further, it would be improper for the court to provide plaintiff with general legal advice. Limited guidance from the court was provided to plaintiff via the First Informational Order and the Second Informational Order, Motion to Dismiss Notice, and Summary Judgment Notice. See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (requiring courts to provide notice of requirements for opposing unenumerated Rule 12(b) motions); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) (requiring courts to provide prisoner pro se litigants with notice of the requirements for opposing motions for summary judgment). Finally, if plaintiff needs an extension of time to respond to a motion filed by defendants, an extension of a deadline set by this court, or an extension of time for any other matter in this action, he may file a motion seeking an extension of time and the court will consider the motion.

### E. Defendants' Opposition to Plaintiff's Motion to Strike

On February 2, 2006, defendants filed an opposition to plaintiff's motion to strike their motion to dismiss. Plaintiff did not file a motion to strike with the court. Accordingly, defendants'

opposition shall be disregarded. To the extent that defendants construed one of plaintiff's other filings discussed in this order as a motion to strike, those filings have been resolved as set forth in this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's "Motions for Summary Judgment or Summary Adjudication," filed January 18, 2006, is STRICKEN (Doc. 108);

2. Plaintiff's "Motions for Judgment," filed January 18, 2006, is STRICKEN (Doc. 124);

3. Plaintiff's "Finding by the Court; Judgment on Partial Findings," filed January 25, 2006, is STRICKEN (Doc. 125);

4. Plaintiff's "Motions for Summary Judgment," filed January 18, 2006, is DISREGARDED (Doc. 109);

5. Plaintiff's "Motions for Judgment as a Matter of Law," filed January 18, 2006, is DISREGARDED (Doc. 111);

6. Plaintiff's motion for a protective order, filed January 18, 2006, is DISREGARDED (Doc. 115);

7. Plaintiff's reply to defendants' answer, filed January 17, 2006, is DISREGARDED (Doc. 118);

8. Plaintiff's motion for a trial date, filed January 18, 2006, is DENIED (Doc. 113);

9. Plaintiff's motion entitled "Motion of Incompetents, Aphasia, Apraxia, Ataxia," filed January 18, 2006, is DENIED (Doc. 116); and

10. Defendants' opposition to plaintiff's motion to strike, filed February 2, 2006, is DISREGARDED (Doc. 126).

IT IS SO ORDERED.

Dated:   **March 6, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE